UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| OMAR THOMAS, | : | |
| *Plaintiff*, | : | No. 3:18-cv-1350 (VAB) |
| | : | |
| v. | : | |
| | : | |
| JHON ALDI, CAPTAIN DOUGHERTY, | : | |
| LIEUTENANT TAMMARO, | : | |
| LIEUTENANT PAPOOSHA, and | : | |
| LIEUTENANT CHEVALIER, | : | |
| *Defendants*. | : | |

**INITIAL REVIEW ORDER**

On August 13, 2018, Omar Thomas ("Plaintiff ") sued Jhon Aldi, Captain Dougherty, Lieutenant Tammaro, Lieutenant Papoosha, and Lieutenant Chevalier ("Defendants") under 42 U.S.C. § 1983, alleging violations of his civil rights.[1] *See* Complaint, dated Aug. 13, 2018 ("Compl."), ECF No. 1.

Mr. Thomas, who is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, generally alleges that Defendants failed to transfer him to protective custody, despite the fact that several other inmates had threatened his physical safety. *Id.* at 5–6. As a result, he allegedly has sustained multiple physical injuries during an altercation with those inmates on January 20, 2018—including deep cuts and bruises on his face and body— and has suffered extreme emotional distress since the incident. *Id.*

As an initial matter, it appears from the body of the Complaint that Mr. Thomas intended to name six other persons in the case caption, but decided to limit the caption to the first five individuals and write "et al." on the last line. *Compare* Compl. at 2–4 (list of defendants) *with*

---

[1] Mr. Thomas is proceeding *pro* se. He paid the required filing fee on September 5, 2018.

Compl. at 1 (case caption). It is clear, however, that he intended to name all eleven as defendants.

Accordingly, the Court shall *sua sponte* amend the case caption so that it reflects all eleven defendants, as Federal Rule of Civil Procedure 10(a) requires that all defendants be included in the case caption.[2] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("The general rule is that in the caption of the complaint, 'the title of the action shall include the names of all the parties.' But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.") (quoting FED. R. CIV. P. 10(a)); *Butchard v. Cty. of Doña Ana*, 287 F.R.D. 666, 672 (D. N.M. 2012) (ordering clerk to amend the caption to replace "FNU Gonzales" with "Jason Gonzales," where plaintiffs' intent to proceed against Jason Gonzales was clear in the body of the complaint).

The Court also finds, however, that Mr. Thomas must file an Amended Complaint before the case may proceed further. In addition to naming all eleven defendants in the case caption, the Amended Complaint should include sufficient facts to afford each Defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations that merely restate the legal standard are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[2] While Rule 10(a) does not require future pleadings to include the names of all eleven defendants, it does require that they be listed in the case caption. FED. R. CIV. P. 10(a).

In other words, it is not enough to merely say that Defendants violated Mr. Thomas's civil rights, or that Defendants failed to protect Mr. Thomas. These conclusory allegations lack factual detail as to what each Defendant did that violated his rights. As currently pleaded, while the Complaint refers to some Defendants in his statement of legal claims, it does not refer to most of them in its statement of facts. Nor does it specifically set out what acts each Defendant committed that Mr. Thomas believes violated his legal rights. Accordingly, in the Amended Complaint, Mr. Thomas should allege specific facts indicating what actions each defendant took—or, in his opinion, failed to take—that violated his constitutional rights.

Mr. Thomas shall file his Amended Complaint within **thirty days** from the date of this Order. The Court then will evaluate whether the Amended Complaint complies with the terms of this Order and provide Mr. Thomas with further instructions as to how to proceed with service of process in this action.

The Clerk of the Court is respectfully directed to amend the case caption to reflect the additional six Defendants named in the body of the Complaint: Lieutenant Davis, Correctional Officers Barbuto, Laughman, and Hall, Captain Walsh, and Population Management.

SO ORDERED at Bridgeport, Connecticut, this 2nd day of October 2018.

/s/ Victor A. Bolden  
Victor A. Bolden  
United States District Judge