# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR THOMAS,<br>    *Plaintiff*,<br><br>v.<br><br>JHON ALDI, CAPTAIN DOUGHERTY, LIEUTENANT TAMMARO, LIEUTENANT PAPOOSHA, LIEUTENANT CHEVALIER, LIEUTENANT DAVIS, CORRECTIONAL OFFICER BARBUTO, CORRECTIONAL OFFICER LAUGHMAN, CORRECTIONAL OFFICER HALL, CAPTAIN WALSH, and POPULATION MANAGEMENT,<br>    *Defendants*. | No. 3:18-cv-1350 (VAB) |

## RULING ON MOTION TO AMEND CASE CAPTION
## AND MOTION TO AMEND COMPLAINT

On August 13, 2018, Omar Thomas ("Plaintiff") sued Jhon Aldi, Captain Dougherty, Lieutenant Tammaro, Lieutenant Papoosha, and Lieutenant Chevalier ("Defendants") under 42 U.S.C. § 1983, alleging violations of his civil rights.[1] *See* Complaint, dated Aug. 13, 2018 ("Compl."), ECF No. 1.

Mr. Thomas, who is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, generally alleged that Defendants failed to transfer him to protective custody, despite the fact that several other inmates had threatened his physical safety. *Id.* at 6–9. As a result, he allegedly sustained multiple physical injuries during altercation with those inmates on January 20, 2018 and June 11, 2018 and suffered extreme emotional distress since the incidents. *Id.*

---

[1] Mr. Thomas is proceeding *pro* se. He paid the required filing fee on September 5, 2018.

On October 2, 2018, the Court acknowledged that Mr. Thomas intended to name eleven defendants and directed the Clerk of the Court to amend the case caption to include all eleven defendants. *See* Initial Review Order, dated Oct. 2, 2018 ("Order"), ECF No. 8, at 2–3. In addition, the Court noted that Mr. Thomas failed to allege sufficient facts to put each defendant on notice of what he or she did that violated Mr. Thomas' rights. *Id.* Accordingly, the Court ordered Mr. Thomas to file an Amended Complaint that included the names of all Defendants in the case caption and alleged specific facts indicating what actions each defendant took, or failed to take, that violated Mr. Thomas' rights. *Id.* at 3.

Mr. Thomas has filed two motions in response to the Court's Order. In the first motion, entitled "Motion to Amend Caption," Mr. Thomas lists all eleven Defendants from the original Complaint—as the Court directed. Motion to Amend Caption, filed October 12, 2018, ECF No. 9. He also attempts to comply with the Court's Order by describing his legal claims against the six defendants that were previously only mentioned in the body of the Complaint, but he does not include sufficiently specific facts indicating what actions they took or failed to take.

Mr. Thomas also includes in the caption of the "Motion to Amend Caption" ten additional defendants who were not previously named, stating that he wishes to add them "in a retaliation complaint that was recently e-filed": Counselor Supervisor Stanley, Correctional Officer Briatico, Correctional Officer Swol, Correctional Officer Thompson, Correctional Officer Gardiner, Correctional Officer Sheehan, Correctional Officer Andreas, Correctional Officer Velvalle, Correctional Officer Rodriguez, and Mail Personnel. *Id.*

In his second motion, entitled "Motion to Amend Retaliation Complaint," Mr. Thomas states that he wishes to bring a retaliation complaint against these ten additional defendants.

Motion to Amend Retaliation Complaint, filed Oct. 12, 2018, ECF No. 10. His motion includes a statement of facts, but these facts all reference events that occurred after he filed the Complaint, with most occurring in late September and early October 2018. *See id.* at 2–9. These facts do not relate to the original claims made in the Complaint concerning Defendants' alleged failure to transfer him to protective custody.

Under Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be sued together in a single action if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

"What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see Kehr*, 596 F. Supp. 2d at 826 (citing *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)). As the Second Circuit has observed in the Rule 13 context, whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978); *see also Kehr*, 596 F. Supp. 2d at 826 ("Applying this reasoning to the terms used in Rule 20 ' . . . would permit all 'logically related claims' by or against different parties to

3

be tried in a single proceeding.'") (quoting *Blesedell*, 708 F. Supp. at 1421).

The Court concludes that the two sets of claims Mr. Thomas wishes to pursue in this action are not related. The Complaint concerned Mr. Thomas' request for transfer to protective custody and the alleged assaults by gang members in January 2018 and June 2018. Mr. Thomas states that the retaliation claims he seeks to add all arose after he filed this action in August 2018—but the facts do not appear to allege that this retaliation is directly related to either the filing of the Complaint or the underlying allegations. The statement of facts in his Motion to Amend Retaliation Complaint makes no reference to any of the defendants from the Complaint or the incidents underlying the Complaint. Thus, the two sets of claims do not present any questions of law or fact common to all defendants.

The Court therefore **DENIES** Mr. Thomas' requests to add ten new defendants and to file additional claims against them that are unrelated to the original Complaint in this lawsuit. Should Mr. Thomas wish to pursue those claims, he must do so in a separate lawsuit.[2]

---

[2] The Court further notes that before filing an action in federal court, Mr. Thomas is required to exhaust his administrative remedies with regard to all claims. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies (effective August 15, 2013) and may be found online at http://www.portal.ct.gov/doc.
      As described in Directive 9.6(6), the administrative remedy procedures include several steps, including informal resolution (both verbal and written), a grievance, and a grievance appeal. The grievance must be filed within thirty days from the date of the incident and correctional officials are afforded thirty business days to respond. *See id.* at 9.6(6)(C) & (I). Any appeal must be filed within five calendar days from the inmate's receipt of the grievance decision and correctional officials again have thirty business days to respond. *See id.* at 9.6(6)(K).
      Many of the incidents described in the motion to amend retaliation complaint occurred within the twenty days before Mr. Thomas filed the motions. It is therefore not possible that Mr. Thomas had already exhausted his administrative remedies with respect to those incidents.

The Court ordered Mr. Thomas to file an Amended Complaint alleging "specific facts indicating what actions each defendant took—or, in his opinion, failed to take—that violated his constitutional rights." Order at 3. Mr. Thomas has not, however, complied with the Order.

The Court will afford Mr. Thomas one last opportunity to file an Amended Complaint.[3] The Amended Complaint shall include only the eleven existing defendants in the case caption and should include three sections: (1) a statement of facts describing the events underlying his claims and specifically indicating what each defendant allegedly did or did not do; (2) a statement of the legal claims asserted against each defendant; and (3) a request for relief.

The Amended Complaint shall be filed by **March 1, 2019**. The Court will then review the Amended Complaint under 28 U.S.C. § 1915A to determine whether Mr. Thomas has stated sufficient facts "to afford each Defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief." *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007).

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of January, 2019.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[3] The Court encourages Mr. Thomas to seek the assistance of the Inmates Legal Assistance Program (ILAP) in drafting the Amended Complaint.